# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSE J. RODRIGUEZ,**

      **Plaintiff,**

**v.**                                                      **Case No:   6:13-cv-1741-Orl-22GJK**

**CAP WORLD, INC. OF FLORIDA, and**
**CAP WORLD, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    JOINT MOTION AND STIPULATION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 16)
>
> **FILED:**     March 21, 2014
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND.

On November 7, 2013, Plaintiff filed a complaint (the "Complaint") against Defendants, alleging violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1 at 4-5. On December 6, 2013, Defendants filed an answer denying allegations that they violated the overtime provisions of the FLSA. Doc. No. 6. On March 21, 2014, the parties filed a Joint Motion and Stipulation for Approval of Settlement and Dismissal with Prejudice (the "Motion") requesting the Court to approve their settlement agreement (the "Agreement") and to

dismiss the case with prejudice.   Doc. No. 16 at 1-7.

**II.    LAW.**

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.  Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable.  *Id*.; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Foods* because it lacked Court approval or supervision by the Secretary of Labor).  Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store*, 679 F.2d at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement.  *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

>  (1) the existence of collusion behind the settlement;
>  (2) the complexity, expense, and likely duration of the litigation;
>  (3) the stage of the proceedings and the amount of discovery completed;
>  (4) the probability of plaintiff's success on the merits;
>  (5) the range of possible recovery; and
>  (6) the opinions of counsel.

See *Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net . . ..")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile &*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> *Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id*. at 351-52.[2]  In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise.  *Id*.  When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3]  Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4]  It is the Court's responsibility to ensure that any such allocation is reasonable.  *See Silva*, 307 F. App'x at 351-52.  In doing so, the Court uses the lodestar method for guidance.  *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009).  As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide.  In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel.  Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, Case No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 2009 WL 2371407, at *5 (emphasis added). Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*. The undersigned finds this reasoning persuasive.

### III. ANALYSIS.

#### A. Settlement Amount.

This case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute. Doc. Nos. 1; 6; 16 at 1-2, 4-5. The parties are represented by independent counsel who are obligated to vigorously represent their clients. *See* Doc. Nos. 16 at 2, 4, 8. The statute of limitations under the FLSA is two (2) years, unless the violation is willful, in which case the limitations period is extended to three (3) years. 29 U.S.C. § 255(a). In response to the Court's interrogatories, Plaintiff calculated his unpaid overtime wages and liquidated damages under the three (3) year statute of limitations and separately under the two (2) year statute of limitations. Doc. No. 13-1 at 2-3. Under the three (3) year statute of limitations, Plaintiff requested $6,067.22

in unpaid overtime wages, and an equal amount in liquidated damages.  Doc. No. 13-1 at 2-3.  Under the two (2) year statute of limitations, Plaintiff requested $2,817.62 in unpaid overtime wages, and an equal amount in liquidated damages.  Doc. No. 13-1 at 3.

Plaintiff has agreed to compromise his three (3) year claim for unpaid overtime wages and liquidated damages, but not his two (2) year claim for unpaid overtime wages and liquidated damages.  Doc. No. 16 at 5.  Plaintiff agreed to compromise his three (3) year claim because he found no evidence "that would warrant a finding of willfulness[,]" that Defendants "knowingly were violating the FLSA or failed to make an adequate inquiry in the FLSA[,]" or that Defendants had previously been accused of violating the FLSA.  Doc. No. 16 at 5.  In addition, Plaintiff agreed to compromise his claim for the following reasons: 1) the complexity, expense, and length of continued litigation of his claims; 2) the probability of success is uncertain; and 3) the range of possible recovery is uncertain.  Doc. No. 16 at 4-5.  Under the Agreement, Plaintiff, in exchange for releasing "any and all alleged violations of the [FLSA] that were made or could have been made" against Defendants, has agreed to accept a total settlement amount of $10,595.24, representing $2,817.62 in unpaid overtime wages, an equal amount in liquidated damages, and $4,960.00 in attorney fees and costs.  Doc. No. 16 at 5, 9.  Upon review, it is **RECOMMENDED** that the Court find Plaintiff's compromise and the total settlement amount to be reasonable.

### B. Attorney Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive $4,960.00 in attorney fees and costs.  Doc. No. 16 at 9.  In the Motion, the parties represent that "the attorneys' fees to be paid as part of the resolution of [Plaintiff's] claims were agreed upon by the Parties separately and without regard to the amount paid to [Plaintiff]."  Doc. No. 16 at 6.  The Agreement contains a similar representation stating "[i]t is expressly recognized that these attorney's fees were agreed upon

separately and without regard to the amount paid to [Plaintiff]."  Doc. No. 16 at 9.  The settlement appears reasonable on its face, and the parties' foregoing representations adequately establish that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff.  *See Bonetti*, 2009 WL 2371407, at *5.  Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the Agreement to be a fair and reasonable compromise of Plaintiffs' FLSA claims.

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 16) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable;

2. The Court enter an order dismissing the case with prejudice; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on April 7, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy